**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BONNIE CASTLE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.1:19-cv-05855 |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC. | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, BONNIE CASTLE ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney, James C. Vlahakis, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I. Introduction, Parties, Jurisdiction and Venue**

1. Plaintiff is a resident of Mount Prospect, Illinois.

2. This is a civil action pursuant the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

3. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337 because this is a civil action for damages arising pursuant to the FDCPA.

4. Congress enacted the FDCPA to regulate "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e).

5. Section 1692(e) of the FDCPA states that "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

1

6.      Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

7.      MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the collection of consumer debts owed to others, including, MIDLAND FUNDING LLC (at times "Midland").

8.      Midland purchases defaulted debts from third parties where the defaulted debts are owed by individuals.

9.      Midland utilizes MCM as its debt collector to collect the defaulted debts that Midland has purchased from third parties.

10.     Midland utilizes MCM to service the defaulted debts that Midland has purchased from third parties.

11.     MCM sent a letter to Plaintiff (hereafter the "Collection Letter") in an attempt to collect a consumer debt (the "Subject Debt").

12.     The Collection Letter is dated 02-08-2019 and states that MIDLAND FUNDING LLC is the "Current Owner" of the Subject Debt."

13.     This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

14.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely collects consumer debts in this District and MCM sent the Collection Letter to Plaintiff in this District.

15.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

16.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II. Background Allegations**

17.     Plaintiff incurred the Subject debt for personal purposes.

18.     Plaintiff incurred the debt allegedly owed to Capital One for personal, family and/or household purposes (hereafter the "Subject Debt").

19.     The Collection Letter identified the "Original Creditor" as "Capital One, N.A" ("Capital One") in relation to a credit card issued in conjunction with Capital One and "Dressbarn".

20.     MCM's Collection Letter is a "communication" as defined by Section 1692a(2) of the FDCPA because the letter conveyed "information regarding a debt" directly to Plaintiff.

21.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt .

22.     MCM regarded the Subject Debt as "arising out of a transactions in which" money and/or services were obtained by Plaintiff from a creditor where the money and/or services were "primarily for personal, family or household purposes[.]"

23.     On a monthly basis, MCM transmits over 40 collection letters to persons with Illinois mailing addresses where the letters seek to collect debts where the letters

identify MCM account numbers and identify Midland as the "Current Owner" of the subject debts.

24.     On information and belief, the Subject Debt is not subject to arbitration.

25.     On information and belief, the debt purchase agreement related to the Subject Debt did not convey MCM or Midland with the right to enforce arbitration.

### III.    The Subject Collection Letter and its Envelopes

### A.  The Collection Letter Envelopes

26.     The Collection Letter was mailed to Plaintiff inside of two envelopes as depicted in the below photographic image:



27.     The above image is a true and accurate photographic image of the format that MCM used when it sent the Collection Letter to Plaintiff[1].

---

[1] The image is of a similarly formatted envelopes sent to a different consumer.

28.     Of the two envelopes, the larger envelope is white and measures six (6) inches high and ten and ¼ across.

29.     Located within the white envelope is a manila colored envelope that measures four and 1/8th inches high, and nine and ½ inches across.

30.     The manila colored envelope says "**TIME SENSITIVE DOCUMENT**" in bold font above a window that shows Plaintiff's mailing address (hereafter the "Envelope"):



31.     The above image is a true and accurate photographic image of the Envelope sent to Plaintiff.

32.     As alleged below, the Envelope depicted in the above image is used routinely by MCM in identified collection campaigns to transmit letters to consumers where MCM uses the words "**TIME SENSITIVE DOCUMENT**" to urge consumers to open and respond to the collection letter contained within the envelope.

33.      MCM has determined that consumers open and respond to collection letters contained within envelopes that use the "**TIME SENSITIVE DOCUMENT**" language, than envelopes that do not contain these words.

34. MCM has determined that it collects more money for Midland when it sends consumers letters contained within a **"TIME SENSITIVE DOCUMENT"** envelope.

### B. The Collection Letter

35. The front page of the Collection Letter is depicted below:



36.     The Collection Letter measures 14 inches tall by 8 and ½ inches across.

37.     The above images does not reflect the detachable payment portion of the Collection Letter which is depicted below:



38.     The detachable payment portion of the Collection Letter is not relevant to the claims set forth below.

39.     The detachable payment portion of the Collection Letter is not relevant to any meritorious defense(s) that could be raised by Defendant.

40.     The upper right portion of the Collection Letter identifies the "Original Creditor" as Capital One, an "Original Account number" and a "MCM Account Number."

41.     Below these items, the Collection Letter lists a "Current Balance" of $2,246.49.

42.     Below the "Current Balance", the letter identifies the "Current Owner" as "Midland Funding LLC."

43.     The upper left portion of the letter states, "Midland Credit Management, Inc. (MCM), is the debt collection company, which will be collecting on, and servicing your account."

44. Below this phrase is the date of 02-28-2019.

45. As depicted in the image shown in Paragraph 30, the Collection Letter instructed Plaintiff "CALL US TODAY! (800)321-3809" in full caps in a font larger than any font used in any other portion of the Collection Letter:



46. As reflected in the above image, the formatting of the phrase "CALL US TODAY!" on a black background with white font is similar to highlighting the phrase in bold to look like this: **CALL US TODAY!**

47. As depicted in the above image, the Collection Letter uses the phrase "AVAILABLE PAYMENT OPTIONS" in full caps and large font. This font is larger than the font used to describe the so-called payment options:

48. The body of the Collection Letter identifies three payment options.

49. The first payment option says "**40% OFF**".

50. A reasonable reading of the first payment option indicates that Plaintiff would be required to pay 60% of the balance if Plaintiff chose this option.

8

51.     The top right corner of the Collection Letter identifies an "**Offer Expiration Date**" of "03-30-2019" relative to the first payment option because next to the first payment option the Collection Letter says "**Save $895.60 if you pay by 03-30-2019**."

52.     Plaintiff had less than thirty (30) days to accept the proposed 40% off payment option from the dates depicted on the Collection Letter.

53.     On information and belief, Plaintiff had no more than three weeks to get any payment delivered to MCM or the stated "40% offer" would expire as indicated by the Collection Letter.

54.     As depicted in the image shown in Paragraph 42, the right side of the body of the Collection Letter contains the phrase "**Benefits of Paying Your Debt**" in bold font and lists the following four (4) so-called "**Benefits**" (also in bold font).

55.     In addition to informing Plaintiff that she could "**Save $895.60 if you pay by 03-30-2019**", the right side of the body of the Collection Letter said the following:

> **"- Put this debt behind you -"**

> **"- No more communications on this account -"**

> **"- Peace of mind -"**

56.     The font that is used for the words "Benefits of Paying!" are larger than the font used to identify the three payment options.

57.     The Collection Letter, however, was not mailed on the date, 02-28-19, the date printed on the Collection Letter.

58.     Rather, on information and belief, the Collection Letter was mailed to Plaintiff over a week after the Collection Letter's purported mailing dates of 02-28-19.

59.     As discussed below, the true mailing date of the Collection Letter, later than depicted on the Collection Letter, coupled with the phrase "**TIME SENSITIVE**

**DOCUMENT**" on the face of the Envelope and the phrase "**CALL US TODAY**!" created a false sense of urgency regarding the expiration date of this proposed offer.

60.     This false sense of urgency was a purposeful creation and desire of MCM.

61.     Plaintiff was misled and deceived into a false sense of urgency when she read the words on the Envelope and the contents depicted on the face of the Collection Letter.

62.     The proposed payment offer and the words used to convey the offer had a material impression on Plaintiff as she attempted to see if she could put this debt behind her and attempt to pay the Subject Debt with the 40% off discount.

63.     The second payment option says "**20% OFF**", "Over 6 months."

64.     A reasonable reading of the second payment option indicates that Plaintiff would be required to pay 80% of the balance if Plaintiff chose this option.

65.     The body of the Collection Letter does not provide any simple options to locate or understand terms with regard to the second payment option.

66.     The second payment option does not specifically identify a start date for the proposed 20% off discount.

67.     The second payment option does not specifically identify the number of payments necessary to satisfy the proposed 20% off discount.

68.     For example, the second payment option does not specifically identify whether payments are required to be paid on a monthly, weekly or other basis to satisfy the proposed 20% off discount.

69.     The third payment option states "**Monthly Payments as Low As: $50 per month**" in bold font followed by the line (in smaller font) which states "Call today to discuss your options and get more details."  The second line is not in bold font.

70.     Below the body of the Collection Letter is the electronic signature of Tim Bolin, Division Manager.

71.     MCM uses Tim Bolin's name and title in a vast majority of debt collection letters sent to consumers by MCM.

72.     The Collection Letter contains close to two inches of blank space below Mr. Bolin's signature.

73.     After this blank space is the phrase: "We are not obligated to renew any offers provided" (hereafter the "Renewal Disclaimer").

74.     Midland chose not to place the Renewal Disclaimer directly below the "AVAILABLE PAYMENT OPTIONS."

75.     Midland chose not to place the Renewal Disclaimer adjacent to the "AVAILABLE PAYMENT OPTIONS."

76.     The Renewal Disclaimer was purposefully placed far away from the "AVAILABLE PAYMENT OPTIONS."

77.     MCM believes that placing the Renewal Disclaimer just above the detachable payment stub complies with the Consumer Financial Protection Bureau's ("CFPB") recently published  Notice of Proposed Rules ("NPR") related to amendments to Regulation F, 12 CFR part 1006.

78.     The reverse side of the Collection Letter does not offer any additional details explaining payment option number one (the "40% OFF" option) relative to the issues left unanswered by the front page of the Collection Letter.

79.     The reverse side of the Collection Letter does not offer any additional details explaining payment option number two (the "20% OFF" option) relative to the issues left unanswered by the front page of the Collection Letter.

80. The reverse side of the Collection Letter does not identify a start date for the proposed 20% off discount.

81. The reverse side of the Collection Letter does not identify the number of payments necessary to satisfy the proposed 20% off discount.

82. The reverse side of the Collection Letter does not identify whether payments are required to be paid on a monthly, weekly or other basis to satisfy the proposed 20% off discount.

83. The reverse side of the Collection Letter is depicted below:

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

**Basic Information**

| Original Creditor | Capital One, N.A. | MCM Account Number | |
|---|---|---|---|
| Original Account Number | | Charge-Off Date | 02-28-2017 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

**Important Contact Information**

| Send Payments to:<br>Midland Credit Management, Inc<br>P.O. Box 51319<br>Los Angeles, CA 90051-5619 | Send disputes or an instrument tendered as full satisfaction of a debt to:<br>Attn: Consumer Support Services<br>2365 Northside Drive<br>Suite 300<br>San Diego, CA 92108<br>You may also call: (800) 321-3809 | Physical Payments for Colorado Residents:<br>80 Garden Center<br>Suite 3<br>Broomfield, CO 80020<br>Phone (303) 920-4763 |
|---|---|---|

f your payment method is a credit or debit card, it may be processed through our international card processor. Although our policy is to not charge consumers fees based upon their payment method, your card issuer may elect to do so due to the location of the card processor. If an international transaction fee has been charged by your card issuer, that fee is eligible for reimbursement. You may contact your Account Manager to modify your payment method to avoid these charges in the future and for information to initiate your reimbursement.

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

NMLS ID: 934164

F YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

## IV. Summary of Applicable Sections of the FDCPA

84. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

85. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

86. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

87. The Envelope's use of the phrase **"TIME SENSITIVE DOCUMENT"** violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

88. The Envelope's use of the words **"TIME SENSITIVE DOCUMENT"** violates Section 1692f and in particular Sections 1692e(2)(a) and 1692e(10) of the FDCPA because printing such words on the Envelope in this manner unfairly and/or unconscionably suggests that the two so-called "pre-approved" discounted payment options are time sensitive when the opposite is true.

89. The fact that the Collection Letter was sent inside the Envelope which utilized the phrase **"TIME SENSITIVE DOCUMENT"** in large, bold font was intentional and served to magnify the violations of the FDCPA that exist on the face of the Collection Letter.

90. MCM's use of the phrase **"TIME SENSITIVE DOCUMENT"** in large, bold font violates Sections 1692e(2)(a), 1692e(10) and 1692f of the FDCPA because printing the Envelope in this manner unfairly and/or unconscionably suggests that the offers

contained in the body of the Collection Letter are time-sensitive, when the offers are frequently renewed.

91.    Although the Collection Letter was dated February 28, 2019, it was not sent by MCM on or near the date in question.  Instead, Plaintiff received the Collection Letter over one week after the purported mailing date.

92.    Additionally, as a general practice, in contrast to the dates identified on collection letters, MCM actually mails out collection letters days, and up to two weeks, *after* the purported mailing date.

93.    Accordingly, on information and belief, the Collection Letter was not mailed to Plaintiff on the dated stated on the face of the Collection Letter.

94.    MCM's practice of mailing out collection letters days and weeks after an identified mailing date constitutes a false and deceptive practice in violation of Section 1692e because the stated dates operate to create a false sense of urgency to consumers where they have far less time to respond to a so-called "pre-approved" discount offer.

95.    MCM's practice of mailing out collection letters days and weeks after an identified mailing date constitutes an unfair or unconscionable means to collect or attempt to collect any debt in violation of Section 1692f because the stated dates operate to create a false sense of urgency to consumers where they have far less time to respond to a so-called "pre-approved" discount offer.

96.    MCM's practice of mailing out collection letters days and weeks after an identified mailing date tends to have a material impact on consumers who read the letters – and did have a material impact on Plaintiff as discussed above.

97.    Plaintiff was worried about the short response date when she attempted to ascertain whether she could pay the Subject Debt in the time indicated.

14

98.     The Envelope's use of the words **"TIME SENSITIVE DOCUMENT"** and the contents of the Collection Letter violated the FDCPA because it created a false sense of urgency to an unsophisticated consumer like Plaintiff.

99.     Plaintiff read the Envelope and opened it because the words **"TIME SENSITIVE DOCUMENT"** caused her to have a false sense of urgency.

100.    As an unsophisticated consumer, Plaintiff was confused and mislead by the terms of the Collection Letter when she read it.  In particular, she was worried that proposed payment would expire as indicated by the expiration date designated in the Collection Letter, as dramatized by the Envelope's designation as **"TIME SENSITIVE."**

101.    An unsophisticated consumer like Plaintiff would generally not want a discounted payment option to expire and would not notice the Renewal Disclaimer given its remote location.

102.    Because an unsophisticated consumer like Plaintiff would not and did not appreciate the meaning of the Renewal Disclaimer based upon its location far away from the offers, an unsophisticated consumer like Plaintiff reasonably would have thought that the offers would truly expire by March 30, 2019, as indicated by the Collection Letter.

### V.  Causes of Action

#### Count I – Individual Claim Related to the Envelope
#### Pursuant to 1692f and 1692f(8) of the FDCPA

103.    Plaintiff realleges the above paragraphs as though fully set forth herein.

104.    Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

105.    The Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692f(8) of the FDCPA as a matter of law because Section

1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

106.   The Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692f and in particular Section 1692f(8) of the FDCPA because printing on the Envelope in this manner unfairly and/or unconscionably suggests that the offer is time sensitive when the opposite is true.

107.   The Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692f and in particular Section 1692f(8) of the FDCPA because these words  intended to create, and does create, *a false sense of urgency* to unsophisticated consumers.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a.   declare that the Envelope violates the FDCPA;

    b.   enjoin Defendant MCM from sending Plaintiff the complained of language in any future collection letter;

    c.   enjoin Defendant MCM from sending Plaintiff an envelope with the language "TIME SENSITIVE DOCUMENT";

    d.   award Plaintiff statutory damages of $1,000;

    e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    f.   award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count II – Class Action Claims Related to the Envelope Pursuant to Sections 1692f and 1692f(8) of the FDCPA**

108.   Plaintiff realleges the paragraphs asserted in relation to Count I as though fully set forth herein.

109.   At least 40 persons with Illinois addresses received an identical Envelope within one year of the filing of this lawsuit.

110. The allegations set forth above in Count I and asserted again in this Count in relation to MCM's use of the Envelope satisfy the elements of typicality, commonality, predominance and superiority.

111. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in the State of Illinois who were mailed a collection letter similar to the Collection Letter that was sent to Plaintiff where the original creditor was listed a Dressbarn branded credit card issued by Capital One, N.A. where the envelopes contained the words "TIME SENSITIVE DOCUMENT" and where the letters were received or mailed within one year of the filing of this lawsuit, and until the aforementioned conduct ceases.

112. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the above depicted Envelope with future collection letters;

c. award class members maximum statutory damages;

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. award Plaintiff any other relief this Honorable Court deems equitable and just.

### Count III – Individual Claim Related to the Envelope and the Collection Letter Pursuant to Section 1692e(2)(a) of the FDCPA

113. Plaintiff realleges the above paragraphs as though fully set forth herein.

114. Individually or in combination, MCM's use of the Envelope and Collection Letter violated Section1692e(2)(a) of the FDCPA.

115. Section 1692e(2)(a) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

17

116.   The Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(2)(a) because printing the Envelope in this manner falsely represents that the "character" or "legal status" of the subject debt is time-sensitive.

117.   In particular, the above quoted words can create a false sense of urgency to unsophisticated consumers.

118.   Midland's use of Collection Letter and the Envelope violates Section 1692e(2)(a) of the FDCPA creating a false sense of urgency regarding the "character" or "legal status" of the Subject Debt because: (A) the Collection Letter was mailed at least a week after it was dated; (B) the Collection Letter was formatted create a false sense of urgency through the emphasized use of the phrase "**CALL US TODAY!**" and the identified offer expiration date; and (D) the false sense of urgency was heightened by enclosing the Collection Letter in an Envelope emblazoned with the phrase **"TIME SENSITIVE DOCUMENT."**

119.   In summary, the Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** and the Collection Letter's use of the phrase "**CALL US TODAY!**", coupled with the late mailing of the Collection Letter and its identified expiration date, created a false sense of urgency in violation of Section 1692e(2)(a).

120.   Additionally, the Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(2)(a) because the so-called discount payment options identified in the body of the Collection Letter are not time sensitive as they are routinely offered by MCM despite being phrased with an expiration date and a false sense of urgency.

121.   The repeated offers made by MCM for the same debt demonstrates that "character" and/or "legal status" of the Subject Debt is *not* time-sensitive.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a. declare that the Collection Letter and the Envelope violate the FDCPA;

    b. enjoin Defendant MCM from sending Plaintiff the complained of language in any future collection letter;

    c. enjoin Defendant MCM from sending Plaintiff the above depicted Collection Letter and the Envelope;

    d. award Plaintiff statutory damages of $1,000;

    e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    f. award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count IV – Class Action Claim Related to the Envelope and the Collection Letter Pursuant to Section 1692e(2)(a) of the FDCPA**

122. Plaintiff realleges the paragraphs asserted in relation to Count III as though fully set forth herein.

123. Individually or in combination, the Envelope and Collection Letter violated Section 1692e(2)(a).

124. As set forth in the preceding Count, Midland's use of Collection Letter and the Envelope violates Section 1692e(2)(a) of the FDCPA creating a false sense of urgency regarding the "character" or "legal status" of the Subject Debt because: (A) the Collection Letter was mailed at least a week after it was dated; (B) the Collection Letter was formatted create a false sense of urgency through the emphasized use of the phrase "**CALL US TODAY!**" and the identified offer expiration date; and (D) the false sense of urgency was heightened by enclosing the Collection Letter in an Envelope emblazoned with the phrase **"TIME SENSITIVE DOCUMENT."**

125.   In formatting and mailing the Collection Letter and Envelope in this manner, Midland created a false sense of urgency in violation of Section 1692e(2)(a) falsely representing that the "character" or "legal status" of the Subject Debt as being time-sensitive and subject to a deadline for acceptance.

126.   In reality, the offer, and offers like it conveyed to other consumers would routinely be renewed by Midland.

127.   In particular, the above quoted words can create a false sense of urgency to unsophisticated consumers.

128.   At least 40 persons with Illinois addresses received an identical Envelope and similarly phrased Collection Letter within one year of the filing of this lawsuit.

129.   Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in the State of Illinois who were mailed a collection letter similar to the Collection Letter that was sent to Plaintiff where the original creditor was listed a Dressbarn branded credit card issued by Capital One, N.A. where the letters were sent in envelopes that uses of the bold and capitalized words "TIME SENSITIVE DOCUMENT" where the letters said "CALL US TODAY!", and the offers included an expiration date, and where the letters were received within one year of the filing of this lawsuit, and until the aforementioned conduct ceases.

130.   The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

131.   Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a. declare that the Collection Letter and the Envelope violate the FDCPA;

b. enjoin Defendant MCM from using the Envelope and the Collection Letter in future collection activities;

c. award class members maximum statutory damages;

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count V – Individual Claim Related to the Envelope and the Collection Letter Pursuant to Section 1692e(10) of the FDCPA**

132.    Plaintiff realleges the above paragraphs as though fully set forth herein.

133.    Individually or in combination, MCM's use of the Envelope and Collection Letter violated Section 1692e(10) of the FDCPA.

134.    Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

135.    The Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(10) because printing and formatting the Envelope in this manner constitutes a false representation or deceptive means to collect or attempt to collect any debt.

136.    In particular, the above quoted words can create a false sense of urgency to unsophisticated consumers.

137.    The Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT** and the Collection Letter's use of the phrases "CALL US TODAY!" followed by an identified expiration date, created a false sense of urgency in violation of Section 1692e(10).

138.    Additionally, the Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(10) because the so-called discount payment options identified in the body of the Collection Letter are not time sensitive as

they are routinely offered by MCM despite being phrased with an expiration date and a false sense of urgency.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Collection Letter and the Envelope violate the FDCPA;

b. enjoin Defendant MCM from sending Plaintiff the complained of language in any future collection letter;

c. enjoin Defendant MCM from sending Plaintiff an envelope with the language "TIME SENSITIVE DOCUMENT";

d. award Plaintiff statutory damages of $1,000;

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f. award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count VI – Class Action Claim Related to the Envelope and the Collection Letter Pursuant to Section 1692e(10) of the FDCPA**

139.    Plaintiff realleges the paragraphs asserted in relation to Count V as though fully set forth herein.

140.    Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

141.    The Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(10) because printing the Envelope in this manner constitutes a false representation or deceptive means to collect or attempt to collect any debt.

142.    In particular, the above quoted words can create a false sense of urgency to unsophisticated consumers.

143.    The Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT** and the Collection Letter's use of the phrases "CALL US TODAY!" followed

by an identified expiration date, created a false sense of urgency in violation of Section 1692e(10).

144.    Additionally, the Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(10) because the so-called discount payment options identified in the body of the Collection Letter are not time sensitive as they are routinely offered by MCM despite being phrased with an expiration date and a false sense of urgency.

145.    At least 40 persons with Illinois addresses received an identical Envelope and similarly phrased Collection Letter within one year of the filing of this lawsuit.

146.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in the State of Illinois who were mailed a collection letter similar to the Collection Letter that was sent to Plaintiff where the original creditor was listed a Dressbarn branded credit card issued by Capital One, N.A. where the letters were sent in envelopes that uses the bold and capitalized words "TIME SENSITIVE DOCUMENT" where the letters said "CALL US TODAY!", and the offers included an expiration date, and where the letters were received within one year of the filing of this lawsuit, and until the aforementioned conduct ceases.

147.    The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

148.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the Collection Letter and the Envelope violate the FDCPA;

b.  enjoin Defendant MCM from using the Envelope and the Collection Letter in future collection activities;

c.  award class members maximum statutory damages;

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count VII – Individual and Class Claims for Violations of Sections1692e and 1692f Based Upon the Misreported Mailing Date of the Collection Letter**

149.   Plaintiff realleges the above paragraphs as though fully set forth herein.

150.   As alleged above, the Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** is intended to create, and does create, a *false sense of urgency* to unsophisticated consumers when read in conjunction with the Collection Letter's use of the words, "CALL US TODAY!" and the phrase "[w]e are not obligated to renew any offers provided."

151.   Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

152.   Section1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

153.   MCM's above stated practice of mailing collection letters like the one in case, days and/or weeks after the printed mailing dates results in a shortened response time and constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as an ""unfair or unconscionable means to collect or attempt to collect any debt."

154.   On information and belief, at least 40 persons with Illinois addresses received an identical Envelope and similarly phrased Collection Letter within one year of the filing of this lawsuit where the Collection Letter was not mailed out on the date listed on the letter and where the Letters were mailed out more than one week after the purported mailing date.

155.     Mailing out form collection letters more than a week after the purported mailing date under the above circumstances would have a material impact on a consumer reviewing the offer identified in the letter.

156.     A shortened response time, artificially created by Midland, would put pressure on a recipient and would constitute a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as an ""unfair or unconscionable means to collect or attempt to collect any debt."

157.     Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in the State of Illinois who were mailed a collection letter similar to the Collection Letter that was sent to Plaintiff where the original creditor was listed a Dressbarn branded credit card issued by Capital One, N.A. where the letters were sent in envelopes that uses  the bold and capitalized words "TIME SENSITIVE DOCUMENT" where the letters said "CALL US TODAY!", and the offers included an expiration date, where the letters were received within one year of the filing of this lawsuit, but Midland's records show that the Letters were mailed a week more after the purported mailing date, and until the aforementioned conduct ceases.

158.     The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

159.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the manner in which the Collection Letter was mailed well after the identified mailing date violates the FDCPA;

b.  enjoin Defendant MCM from violating the FDCPA in this manner in the future;

c.  award Plaintiff statutory damages of $1,000;

d.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e.  award  Plaintiff  any  other  relief  this  Honorable  Court  deems
    equitable and just.

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of


Plaintiff BONNIE CASTLE individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis
James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com